Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Good morning. We're so pleased to have everyone here with us today. I'm Lisa Branch and I'm here with my colleagues Judge Britt Grant and Judge Jerry Joe Flatt and we're certainly pleased to be with you this morning by Zoom but we would be more happy and hopefully we will be more happy in the future when we will start meeting in person and I hope that point is almost upon us but I appreciate everybody being here and I'm sure everybody's familiar with by now that we work on a traffic light system and what you'll see you'll see the clock tick down it will start green and when you have two minutes left it will switch to yellow which means you should start paying attention to wrapping up your argument and when your time is expired it will flash to red. Mr. Robinson is our courtroom deputy and timekeeper and as we proceed today we've got two cases that we're going to hear and I'm going to call the first case. The first case is United States versus Jose Miguel Cordero. Darlene Calzone Berard is the attorney for the appellant and Yvette Rhodes is the attorney for the appellee and Ms. Berard are you ready to proceed? Yes I am your honor. And you've reserved three minutes for rebuttal I see. Yes I did. Okay please proceed. May it please the court. I was court appointed to represent Jose Cordero with regards to a motion that he had filed with the district court to modify the conditions of his probation and also to terminate his probation. The offense conduct happened around 2006. The defendant was in the in the military in Afghanistan. He wound up having marital problems that resulted in a divorce and he went through a very stressful time. During that period of time he paid off to have a video of child pornography put in his computer. It appears that he may not have accessed that but anyway it was on his computer. He pled guilty to that charge and as a result of pleading guilty he received a year of prison time and then 10 years of supervised release. Since that time the defendant has well when he filed this motion these motions he had served 40 months out of the 120 months that he had been sentenced to do on supervised release. He had remarried and had two children. Unfortunately his oldest child which is now 10 has down syndrome and has been unable to speak and so his wife is very dedicated to taking care of that child and he has been trying to make a living with the business that he started that installed smart home products and some of the those products include being able to command certain things in your home just by voice. He works in very high-end homes. One of the conditions of his probation is that he has to tell his customer that he is on federal probation and that he is a sexual offender. Many times that results in him losing his job so he was very motivated at that time to see if he could terminate his probation. He was also given a condition that he could not access the internet and even back in 2014 when he started his probation that was a very difficult condition but now it has become almost impossible to operate a business without accessing the internet. Ms. Berard you would concede though to the extent that you're in and of itself that would be untimely and barred by an appeal waiver right? You're just here today dealing with the modification issue. Your honor as far as the modification issue the modification to terminate is that what the court is addressing? Yes. Okay yes your honor with regards to that issue that's what we concentrated our arguments on and what basically happened is that the judge issued an endorsed order denying all of the motions including the early termination motion and the way it was done where it was very difficult to appeal that because there were no specifics given as to why judge Scrivins denied the motion to terminate probation and it becomes kind of a guess as to why that motion was denied and there are probably many good reasons that the court could have utilized to deny the motion to terminate the of outlining the laundry list of all of the reasons why the district court could have denied the motion for the termination of supervised release. But in Mr. Cordero discussed the section 3553a factors at length in the motion for early termination and attached several decisions from other district courts conducting the proper analysis so why isn't that sufficient for this court to conclude that the district court properly considered those factors in denying the motion? And your honor I think that that's the government's position is that the court viewed everything all of the the arguments however we're just we're just kind of guessing at what the court did consider and while the district court is not required to articulate each factor that it reached that it considered in reaching its decision it's not possible from this record to determine what it was that had the judge decide that the probation or the supervised release should not be terminated. And I know that the court needed to consider the history and characteristics of the defendant and as as your honor just mentioned Mr. Cordero had mentioned had spoken about that extensively. There was also in the government's response an issue about that there was a statutory minimum for supervised release for this crime and we don't know if the court may have considered that and felt as if she could not give him less than five years because that was the statutory minimum even though that's not the law. We don't know if Judge Scrivens committed some error in her analysis because we do not have the reasons why she denied the motion. I've got a question for something else. I want to make sure I understand your argument. Is it your position that the current reporting requirements and the current internet requirements were part and parcel of his original supervision plan and sentence or is it your contention that those are new and different modifications in some way that the government sought and received permission to carry out? Well, they were part of his original supervised release. However, they were not at the beginning he was being allowed to access the internet for work purposes and that was that was very important to him because having a small business he had to access emails, banking, advertising, directions to places, web pages, viewing who the competition was, ordering things from Amazon, all of those things and he was allowed to access the internet for work purposes but there became a time when the probation officer wanted him to have a polygraph examinations which were not part of the original conditions and he refused to do that. The court did not compel the polygraph, correct? No, but as a result then the probation officer went with the no access of the internet completely. As a matter of fact, the internet was could the children access it for learning purposes and you know in 2013 when that condition was set we were all using the internet but today you can't barely operate a business without having access to the internet. But that was part of his original conditions of supervised release. The defendant shall not possess or use a computer with access to any online service at any location without written approval from the probation officer so that's the that condition has been in existence. That is correct that condition has been in existence. The things that have happened is that prior approval is a little bit difficult because what he had was prior approval to use it for business purposes. Right now the way that that condition is being managed is if he wants to send an email to a client he has to ask the probation officer for permission and it's just not a viable option to get written permission from the the internet. So it's our belief that it is much more sweeping and broad than it needs to be. Well, but that gets back to my original point. If this was part of his original sentence and the condition of supervised release and he did not appeal it then that it would be an untimely appeal and it would also be barred by his appeal waiver, right? If this is the same condition just now he is struggling with it more so than he was at the beginning. If it's the same condition how is this not barred? It's the same condition your honor but it's being managed and I think the prior written approval section is what is vague because you could get prior written approval and say I need to use the internet for my work and you know please give me permission to use the internet for everything that's related to my work but the way it's being managed now it's you have to get written permission every time you want to use the internet. So if you want to send a contract via email to your client that wants to install this smart home you have to get permission to do that. Let me ask you on a related note so we just talked about the internet restriction the notification of clients that's part of the original condition, correct? It's just being managed differently. That's correct. Okay. It was not being enforced. He had to now he actually has to tell the client that he is on federal probation and that he is a sex offender. And how is it that you believe that Packingham relates to this case when Packingham was not a case involving supervised release? And I realized that it was after the defendant had completed the term of imprisonment or supervised release but the court goes to a good explanation that it should not be a more sweeping or broad. These restrictions should not be more sweeping or broad than what they need to be. They do need to protect the vulnerable witnesses and a restriction that he could not access any child pornography or even any websites that deal particularly with children but not to be able to have access to the internet at all is broader than what it needs to be. Thank you, Ms. Burrard. Ms. Rhodes, you may proceed. Good morning. Next we report it wasn't an abuse of discretion for the district court to retain all conditions of supervised release as it did in this case in resolving Cordero's motions for early terminations and modification of the supervised release. The court on three occasions addressed the supervised release conditions at first in 2013. Then in 2017 when it addressed probation request for clarification of those conditions and then in 2018 which is at issue here when it denied his motions for clarification and termination and modification of the terms of supervision. In the first of those two instances the court explained its sentencing decision fully yet succinctly in light of the factors and circumstances of the case and the section 3553A factors. In the last instance which is what is at issue here the court referred back to its prior decisions in 2013 and 2017 and determined that the supervised release conditions were still necessary. What should we make of the fact that the government asked the court for permission to this shift in its application of the earlier of the earlier condition? The government didn't ask for any shift. The government asked for the court to clarify what it meant when it imposed the notification condition and tangentially how the probation officer should enforce the contact with minors provision and also the contact with minor provision the internet access provision and the notification provisions are all kind of part and parcel of the same things here in a way that would be different in another kind of a case because first of all this crime involved the internet that's how he committed the crime but his occupation involved installing smart home technology and he needs the internet in order to do that and his occupation also involves contact with minors because he admits that he was wanting to install this type of technology in private homes and we just hear that the homes are typically unoccupied i'm not sure that he's admitted that his occupation involves contact with minors well he said this one of the things that brought this whole situation to light was that he wanted to go to a celebrity home in california and install this type of technology and he didn't want to give the particulars with regard to his possible contact with the minor children of that the question is whether this type of um requirement is reasonable under the circumstances and um just to give you a personal example i live in a community now that's under construction and i live in the part of the community that's um the last part to be constructed but the earlier parts of um that were constructed their children living in those homes and so when they were coming to the back part of my community to construct my home they were encountering children and so that could be a circumstance that could be an issue here and all the probation officer was asking was for him to tell probation what was afoot so that the probation officer couldn't make an assessment of the risk in conjunction with condition number 13 which was imposed in sentencing which the defendant never objected to and he had been challenged on appeal so we didn't ask for a change or a change or shift we just asked the court to tell us how it was that court wanted the probation officer to go about assessing the risk that the court had already told the probation officer it needed to assess. So the probation officer offered a internet access provision? Well as as i understand what happened was if you if you look at um the probation memo there were changes in probation officers and so once this came to light is as far as exactly what was afoot with regard to the defendant's occupation there was a belief that there needed to be a greater um disclosure with regard to what was going on with his business because they wanted to and and this is for the protection of the defendant as well in that everybody needs to know what's going on so that we know what the risks are because we don't want um you know nobody on probation wants him to fail the supervision we want to know exactly what's going on and if there are no risks if he if he were to um if he had gone through probation and said um well i'm building that home and that's home there that building is totally unoccupied if he told probation that probation could have given him the um go ahead to go into the home technology but if he said well well i'm going into the vet home and the probation officer um comes down and he notices that the two units next to mine there are five units in my in my building the two units next to mine have children in them he might have made a different assessment but the question are you are you alleging that he that these new conditions are because he did not share appropriate information or that there is a new probation officer who had a different approach what i'm stating based upon my view of the record is that the the information there was more as information came to light about exactly what was going on because like i said this came this came to a head when he he needed permission to travel to california and when he needed permission to travel to california the probation officer got into the specifics about what this would entail what type of um um job it was and as i read the the probation memo the defendant wasn't really forthcoming about whether or not or may have been confused about whether or not there were actual children not actual children but children actually living in the home minor children and so the probation officer wanted to get to the bottom of who was going to be there what was the lodging conditions and rather than divulge that information the defendant said i'm not going to take the job well armed with that information the probation officer says well i need to have a means by which i can understand exactly where you're working the circumstances under which you're working who's going to be there what's going to be a foot and then i can make an assessment as to whether or not there's a risk and i can make an assessment as to whether or not you're going to work there and i'm going to make an assessment about what what you need to divulge to your potential client that's the question isn't there a bar from places like playgrounds and parks and that sort of thing um what would um the judge said in the in the order in response to the probation officer's um uh request is that if he's if he's constructing pathways where children um that wasn't my question wasn't my question if he if he barred from parks or playgrounds or any other just places where children generally may be yes that was a part of the original conditions okay thank you miss rhodes you referenced the probation memo is this the july 2017 memo that was referenced in your brief yes your honor um is that memo in the record i thought that it was a part of a court file i was unable to find it so i wasn't sure if could point me to it oh i i don't know um i have it as a part of of my case file i thought that the memoranda were a part of the court file that would have been for it to be able to search i will double check i wasn't able to locate it i noticed that you had referenced it and we tried to track it down yes i'm i'm sorry and the date of it your honor is june 18 2027 and um 2017 2017 okay if i if i misspoke it's 2017 okay i've got a question about your view of attacking him case um setting aside whether it applies here or not or whether he's got the right to bring up that case right now or not um do you think that packing hands there's been some discussion of packing i'm saying that more limited um restrictions were were allowable but do you think that meant more limited in terms of how many people they applied to or more limited in terms of the scope of those restrictions i i well first uh i just want to reiterate that we think attacking him cannot well that consideration of packing him is uh not within the scope of 35 um 35 83 e1 because constitutionality of a supervised release condition is not one of the enumerated factors that the court is supposed to be considering in in opposing i mean in modification or termination because i just want to state that and um packing him we don't think that it applies at all on the merit but packing him suggests that even certain narrowly tailored restrictions uh are appropriate um and we would certainly assert that this uh is a narrowly tailored restriction because number one it's directly related to the type of harm um that is afoot in these cases and um we haven't found any cases that have struck down these types of restrictions as being unduly um uh burdensome or um duly restrictive and also um the court has said that because the defendant can't see modification of these types of restrictions and um also a color review that that's another um those are also considerations for the court to take into consideration in uh upholding these types of proceedings and if we can't consider that on a color review then how is how does that solve the packing problem well the packing problem should have been addressed in his objections to the condition of supervised release because essentially the thing the condition that was imposed in 2013 so we could have asserted a packing issue on direct appeal he could have asserted a packing issue in a 2255 motion and um we'd also point out that notwithstanding whether packing him should or should not apply his appeal waiver would would preclude him from um pursuing a challenge to a supervised release and conditions or any aspect of a sentence on appeal he weighs that and miss roads even assuming uh that the packingham challenge uh is well taken what effect uh would this court's decision recent decision in usv bobal uh in 2020 have on that challenge well it invalidates the challenge i would say um i was going to get to whether or not the court had received my 28-day letter when we get started on mobile and it seems that his um packingham issue is dead on arrival before this court and with the time i have left if i could i would just like to assert that there is no reason for you um to guess uh as far as the reasons for the district court's denial of the motions for modification early termination and it denied those motions based upon its determination in 2013 that the supervised release constrictions were necessary and then it also referred back to its 2017 order where it ruled on the probation request for clarification and being that the defendant in their brief admit that the because his motions described at length why he should have his supervision modified or terminate including an analysis of section 3553a factors the government presented argument against mr cabrera's motion there was ample briefing on the application of the 3553 factors the court simply said i hear what you're saying government i hear what you're saying defendant i hear what you're saying probation officer but i want the conditions that i imposed in 2013 and that i ratified in 2017 kept in place and that was a reasonable decision there's no um abuse of discretion so we would ask this court to affirm thank you miss roads thank you yes your honor um your honor with regards to um the packingham uh ruling or it does say that it's a fatal problem uh in that that particular law was a wide sweep and that it precluded large numbers of websites that are most unlikely to facilitate the commission of a sex crime against the child and i think with this restriction uh it is uh the same type of of restriction with regards to um the boble case i think that that case um perhaps allowed what mr cordero originally had because mr boble's sentence did include a lifetime term of supervised release uh and during that time he could not use a computer except for work and with the permission of the district court but in mr cordero's case it's not like we can go to the court and say can he use the computer for work purposes he has been restricted to having to get written approvals every time he wants to use the computer so it's even more restricted than what the boble case seems to indicate to me in in the ruling what about whether the packingham challenge is permissible uh in seeking modification of the conditions of supervised release well your honor i know that one of the conditions i know the court has to uh to consider under uh 3583 e2 a number of factors and one of the pertinent factors is the need to provide the defendant with training and education uh certainly uh the restrictions that this defendant has in today's world restrict him tremendously with regards to training and education which he cannot access nor can anyone in his household access that except that his wife can use her smartphone so i believe that we can say that a modification of the term of supervised release can happen under the provide the defendant with training and education if it's pertinent fact that this internet restriction is not allowing all right uh well miss brawler thank you and i do note as you mentioned that you were uh cja appointed to this case and we thank you uh for for doing so uh miss roads we thank you as well and we have your case uh under submission and now i will call the next case thank you very much thank you